IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-00227-MSK-MJW

JOYCE RIVERA,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on the Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Summary Judgment (**# 40**), Plaintiff Joyce Rivera's Response (**# 41**), and State Farm's Reply (**# 42**).

### I.    Jurisdiction

Ms. Rivera is a Colorado resident. State Farm is a corporation organized under the laws of Illinois. It is also domiciled in Illinois. The amount in controversy exceeds $75,000. The Court exercises jurisdiction pursuant to 29 U.S.C. § 1332.

### II.    Factual Background

State Farm has only moved for summary judgment on Ms. Rivera's statutory bad faith claim (*i.e.*, her claim pursuant to C.R.S. §§ 10-3-1115 and 116).[1] The following is a summary of

---

[1]     In Colorado, there are both traditional common law and statutory causes of action encompassing bad faith on the part of an insurer in the first-party claimant context. *See Vaccaro v. Am. Family Ins. Group*, 275 P.3d 750, 756 (Colo. App. 2012). The main difference between the two is that a plaintiff asserting a common law bad faith claim must prove that the insurer knew

1

the facts relevant to that claim viewed in the light most favorable to the non-movant, Ms. Rivera. More factual details are provided as needed in the Court's discussion.

Ms. Rivera was involved in a rear-end automobile accident in El Paso County, Colorado on June 15, 2012. At the time, she was covered by a general liability insurance policy issued by State Farm. That policy had a $100,000 underinsured motorist's ("UIM") endorsement. On January 20, 2015, Ms. Rivera tendered (through counsel) a demand for State Farm to pay its UIM limits, claiming that she had incurred medical expenses of $14,394.63 and had future anticipated medical expenses of $132,000. State Farm acknowledged receipt of the demand on January 21, 2015. There is no dispute that Ms. Rivera's injuries resulting from the June 2012 accident are covered under the UIM benefit in her automobile insurance policy.

On or before September 10, 2015, State Farm commissioned an Independent Medical Examiner (an "IME") to exam Ms. Rivera. He ultimately opined that Ms. Rivera had reached her pre-injury status by September 15, 2015, and that any then-existing problems were attributable in equal parts (*i.e.*, fifty percent each) to the 2012 accident and an earlier automobile accident that Ms. Rivera experienced in in 1984 or 1985. Based, at least in part, on this opinion, State Farm extended a first settlement offer of $29,000 on December 7, 2015. On January 18, 2016, Ms. Rivera's counsel counteroffered $90,000. State Farm's representative rejected that counteroffer and tendered a new offer of $35,000. On that same day, Ms. Rivera's counsel forwarded a progress note from a medical professional indicating that a few days after the 2012 accident she reported being free of any symptoms stemming from her accident in the 1980s for several years

---

or recklessly disregarded the fact that its conduct was unreasonable, whereas a plaintiff asserting a statutory claim need only prove that the insurer unreasonably denied or delayed in paying his or her claim. *Id.*

prior to 2012.

At some point during the settlement communications between Ms. Rivera's counsel and the State Farm claims representative, the claims representative advised that there was no way that State Farm would be willing to pay more than $50,000. Based on the diverging views of the amounts due under Ms. Rivera's UIM benefit, settlement discussions were abandoned, and Ms. Rivera filed the instant lawsuit on January 29, 2016. In addition to her statutory bad faith count, Ms. Rivera also brings a breach of contract claim, and she requests declaratory judgment that she is entitled to the full UIM limits, as well as costs and attorneys' fees.

During the litigation, Ms. Rivera ultimately indicated that her actual and anticipated medical expenses and noneconomic damages were $213,700. She also produced her own IME report indicating that all of her injuries from 2012 and beyond solely were attributable to the 2012 accident, and not the 1984/1985 accident. Ms. Rivera further engaged an expert on insurance matters, who opined that State Farm had acted unreasonably (according to industry standards) by tendering offers of $29,000 and $35,000 without also providing an explanation for the basis of those offers, especially in light of the extent of Ms. Rivera's alleged injuries. Ms. Rivera cites this purported unreasonableness as the basis for her statutory bad faith claim.

### III. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Thus, the primary question presented to the Court in considering a Motion for Summary Judgment or a Motion for Partial Summary Judgment is: is a trial required?

A trial is required if there are material factual disputes to resolve. As a result, entry of summary judgment is authorized only "when there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). A fact is material if, under the substantive law, it is an essential element of the claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the conflicting evidence would enable a rational trier of fact to resolve the dispute for either party. *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

The consideration of a summary judgment motion requires the Court to focus on the asserted claims and defenses, their legal elements, and which party has the burden of proof. Substantive law specifies the elements that must be proven for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson*, 477 U.S. at 248; *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). As to the evidence offered during summary judgment, the Court views it the light most favorable to the non-moving party, thereby favoring the right to trial. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

Motions for summary judgment generally arise in one of two contexts – when the movant has the burden of proof and when the non-movant has the burden of proof. Each context is handled differently. When the movant has the burden of proof, the movant must come forward with sufficient, competent evidence to establish each element of its claim or defense. *See* Fed. R. Civ. P. 56(c)(1)(A). Presumably, in the absence of contrary evidence, this showing would entitle the movant to judgment as a matter of law. However, if the responding party presents contrary evidence to establish a genuine dispute as to any material fact, a trial is required and the motion must be denied. *See Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

A different circumstance arises when the movant does not have the burden of proof. In

4

this circumstance, the movant contends that the non-movant lacks sufficient evidence to establish a *prima facie* case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party must identify why the respondent cannot make a *prima facie* showing; that is, why the evidence in the record shows that the respondent cannot establish a particular element. *See Collins*, 809 F.3d at 1137. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, then a trial is required. Conversely, if the respondent's evidence is inadequate to establish a *prima facie* claim or defense, then no factual determination of that claim or defense is required and summary judgment may enter. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## IV.  Discussion

Because the party moving for summary judgment in this case – State Farm – does not have the burden of proof on Ms. Rivera's statutory bad faith claim, it must explain why the evidence in the record does not establish a *prima facie* showing on that claim. If it does so, the burden will shift to Ms. Rivera to point to evidence affirmatively establishing her *prima facie* claim.

Ms. Rivera's bad faith claim essentially alleges that State Farm acted unreasonably during the settlement discussions between the parties by offering at most $35,000 without an explanation of the basis of its calculation of that amount, and disregarding (1) her professed medical (and related) costs of $72,789.63 and (2) her unspecified noneconomic damages that would cause her total claim to exceed the UIM policy limits. In other words, her statutory bad faith theory is that State Farm unreasonably "lowballed" her UIM claim without any legitimate basis to do so, resulting in the improper denial and/or delay of payment of that claim.

In Colorado, since 2008, a first-party claimant has been authorized by statute to bring a clam against his or her insurer asserting that the insurer acted improperly in processing his or her

5

claim. Specifically, C.R.S. § 10-3-1115 provides: "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." *Id.* at (1)(a). The statute further specifies that "for the purposes of an action brought pursuant to this section and [C.R.S. § 10-3-1116], an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit *without a reasonable basis* for that action." *Id.* at (2) (emphasis added). Also by statute, a first-party claimant whose claim for a benefit has been unreasonably denied or delayed can bring an action against the insurer responsible for that denial or delay to recover reasonable attorney fees and court costs and two times the covered benefit. C.R.S. § 10-3-1116(1). The question of whether a particular insurer's conduct is reasonable will be one for the factfinder to decide. *Fisher v. State Farm Mut. Auto. Ins. Co.*, No. 13CA2361, ___ P.3d ____, 2015 WL 2198515, at *7 (Colo. App. May 7, 2015); *Meadows v. Elec. Ins. Co.*, No. 15-CV-02524-MEH, 2016 WL 7868824, at *7 (D. Colo. June 30, 2016)

Although C.R.S. § 10-3-1115 prohibits an insurer from acting unreasonably in processing and paying a submitted claim, it does not require an insurer to pay a claim when there is a genuine dispute over the amount of compensable damages associated with that claim. *See Chateau Vill. N. Condo. Ass'n v. Am. Family Mut. Ins. Co.*, 170 F. Supp. 3d 1349, 1360 (D. Colo. 2016) (citing *Vaccaro*, 275 P.3d at 759). This principle is the basis for State Farm's primary summary judgment argument.

State Farm essentially concedes that there is conflicting evidence in the record concerning whether the injuries and symptoms for which Ms. Rivera is seeking payment under the UIM benefit in her automobile insurance policy were caused in part by her car accident in the 1980s, or whether those injuries and symptoms are solely attributable to the 2012 accident. However, it

6

goes on to assert that *because* of this conflicting evidence, there is at least a "reasonable dispute" on this issue, and as such, it necessarily could not have been acting unreasonably when it rejected Ms. Rivera's settlement proposals and countered with much lower amounts.

Ms. Rivera does not specifically address State Farm's "reasonably disputable" argument, but instead cites numerous items in the record that she says support her position that all of the injuries and symptoms for which she is seeking compensation under her UIM benefit are attributable to her 2012 accident. In effect, although she does not frame her argument in so many words, Ms. Rivera seems to contend that the evidence in the record is so overwhelming in support of her attribution position that it renders the contrary view unreasonable.

The main problem with State Farm's position is that it is based on a faulty premise – *i.e.*, that if a particular claim is "reasonably disputable," an insurer cannot act unreasonable *per se* in delaying or refusing to pay that claim. That is not what the law is on this issue. Indeed, on multiple occasions, the Tenth Circuit has addressed whether an insurer can ever unreasonably deny or delay a submitted claim if that claim is "fairly debatable." *See Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1226 (10th Cir. 2016); *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1261-62 (10th Cir. 2016). In 2016, citing a decision from the Colorado Court of Appeals, the Circuit observed that while the fact that an insurer's justification for denying or delaying in paying a claim was "fairly debatable" might be relevant for the purposes of the C.R.S. § 10-3-1115 analysis, it was not a dispositive factor. *Etherton*, 829 F.3d at 1261-62 (citing *Hansen v. Am. Family Mut. Ins. Co.*, 383 P.3d 28, 35 (Colo. App. 2013)). The Circuit specifically held:

> According to the Colorado Court of Appeals, an insurer's delay or denial of benefits is not necessarily reasonable under [C.R.S. § 10-3-1115] simply because the claim for benefits was fairly debatable. "[I]f a reasonable person would find

> that the insurer's justification for denying or delaying payment of a claim was 'fairly debatable,' this weighs against a finding that the insurer acted unreasonably. Nevertheless, fair debatability is not a threshold inquiry that is outcome determinative as a matter of law." *Under this authority, an insurer could unreasonably delay or deny a claim for benefits even if that claim is fairly debatable*.
>
> We agree with the foregoing authority and conclude that, under Colorado law, fair debatability can be a relevant but not necessarily a determinative factor as to whether the insurer acted reasonably.

*Id.* at 1226-27 (emphasis added; citations omitted).

Accepting State Farm's contention that there is a genuine, reasonable dispute as to whether Ms. Rivera's injuries and symptoms should be attributed in part to an automobile accident that she experienced in the 1980s (as opposed to being solely attributed to her 2012 accident), based on Colorado and 10th Circuit authority, such dispute would be relevant *but not dispositive* as to whether State Farm has unreasonably denied or delayed payment of her claim. Put simply, State Farm may well have a legitimate objection to the amount of Ms. Rivera's claim yet still be acting unreasonably in processing it. The Court therefore must review the remaining evidence put forward before it to determine whether a reasonable jury might conclude that State Farm's conduct has been unreasonable even despite the existence of a "fairly debatable" (or "reasonably disputable") justification for its refusal to pay the claim to date.

In that regard, the Court notes that Ms. Rivera has pointed to a progress note from an urgent care center dated three days after the June 2012 accident that reflects that she told the treating physician's assistant that she had not experienced any symptoms stemming from her 1984/1985 car accident for many years prior to that point. Given the timing of the note, it seems highly unlikely that Ms. Rivera could have made that statement in connection with her position in this litigation. Furthermore, the progress note was brought to the attention of State Farm no later than January 18, 2016, when counsel for Ms. Rivera sent a copy of it to a State Farm representative.

Additionally, Ms. Rivera's health care records from Kaiser Permanente, which was her health care provider organization for many years prior to the 2012 accident, do not seem to contain any reference or other indication that she was experiencing symptoms related to her 1984/1985 accident in the years prior to 2012, nor was she receiving any treatment for the same. This lack of documentation in Ms. Rivera's pre-2012 Kaiser Permanente records was conspicuous enough that State Farm's own IME indicated that it caused him to review her file a second time to confirm that he had not missed anything.

This evidence – when viewed in the light most favorable to Ms. Rivera – would be sufficient for a reasonable jury to find in her favor at trial. To be sure, it is not uncontroverted; State Farm appropriately points to a number of pieces of evidence that at least arguably contradict Ms. Rivera's version of events,[2] and it is possible that a jury might view that conflicting or contrary evidence as more persuasive. But at the summary judgment stage, Ms. Rivera need only point to evidence that – if left unrebutted – establishes a *prima facie* case as to her statutory bad faith claim. *See, e.g., Pritchett v. I-Flow Corp.*, No. 09-cv-02433-WJM-KLM, 2012 WL 1340384, at *2-3 (D. Colo. Apr. 18, 2012). She has done that by referring the Court to the June 2012 progress note and her Kaiser medical records. Her statutory bad faith claim therefore must proceed to trial.

V. **Conclusion**

The Court hereby **DENIES** State Farm's Motion for Summary Judgment (**# 40**). Within

---

2   For example, State Farm points to post-accident medical records from Ms. Rivera's provider in which she at least suggests that she had been experiencing symptoms from the 1984/1985 accident up through 2012. State Farm also cites a transcript of the interview of Ms. Rivera by the IME in which she indicates that she was medicating symptoms arising out of the earlier accident with an over-the-counter pain reliever at the time of the June 2012 accident.

9

fourteen days of this Order the parties are directed to jointly contact chambers at (303) 335-2289 to set this matter for a final pretrial conference.

DATED this 11th day of September, 2017.

**BY THE COURT:**

Marcia S. Krieger
United States District Court